IN THE UNITED STATES DISTRICT COURT
FOR DISTRICT OF NEW JERSEY

AMIN A. RASHID,
    Petitioner,

v.    Case No. _____

STEVIE M. KNIGHT,
Warden, FCI FORT DIX,
    Respondent.

RECEIVED
JUN 30 2023
AT 8:30 _____ M
CLERK, U.S. DISTRICT COURT - DNJ

## PETITION FOR WRIT OF HABEAS CORPUS

To The Honorable Judge Of Said Court:

    AMIN A. RASHID, Reg. No. 30591-066, pro se, petitioner, in the above styled and numbered cause hereby petitions this Honorable Court to issue a writ of habeas corpus to the respondent, Stevie M. Knight, Warden, FCI Fort Dix, to restore any lost First Step Act of December 21, 2018 ("FSA") "DAYS" denied petitioner as a direct and proximate result of the negligent and improper conduct of Bureau of Prisons ("BOP") Staff as is more fully set forth herein below, to wit:

    1) On or about June 2022, petitioner commenced his prison term as a minimum

- 2 -

security prisoner at

    FORT DIX FEDERAL CAMP
    P.O. BOX 2000
    Joint Base MDL, N.J. 08640.

(2) Petitioner is serving a "254 month" prison term for violation of federal fraud statutes: mail fraud, wire fraud, money laundering, illegal monetary transactions, and aggravated identity theft. He is projected to be released from prison on or about February 2026.[1] Reg. No. 30591-066.

(3) On June 13, 2023, petitioner was placed in the Special Housing Unit ("SHU") at Fort Dix Camp ("FDC"). He was arrested on suspicion of possessing a "cell phone" which is a violation of BOP Disciplinary Code ("BOP Code") number 108.

(4) As of the day of this petition, June 26, 2023, Petitioner has not been

---

[1] See, related habeas action Amin A. Rashid v. Willie M. Knight, Case No. 22-7247 (D.N.J.) seeking "jail credit" of "2555 Days" for time spent on an "illegal sentence" he is "actually innocent" of

- 3 -

provided with any of the fundamental due process rights which BOP staff must give a prisoner when he is removed from the general population and admitted to SHU, to wit:

BOP 541.5 Discipline Process:

(a) Incident Report. The discipline process starts when staff witness or reasonably believe that you committed a prohibited act.

ISSUE: I have not been provided with an Incident Report, nor have I been provided with an Order of Detention, BP-A0308. On June 23, 2023, I asked the Officer-In-Charge, Meredith, for a BP-A0308. He refused my request because he stated that he did not have one; thus, after two (2) weeks in SHU, I am yet to be given an Incident Report or advised via BP-A0308 that I am under investigation.

(b) Investigation. After you receive an incident report, a Bureau staff member will investigate it. ... The Investigating Officer

- 4 -

is ordinarily appointed within 24 hours of the incident report. The investigation should be finished within 24 hours after the appointment.

ISSUE: I am being denied this fundamental due process right and it is a known fact that time spent while awaiting the process to start does not count towards "disciplinary time" should the "disciplinary process" ultimately commence.

5) Under the FSA, a minimum or low level, Camp Qualified, prisoner is awarded "15 Days" per month as an offset to prison time up to "365 Days" and thereafter such time is used towards eligibility for Home Confinement or Halfway House. However, a prisoner's ability to earn such FSA Credits requires his presence in the Camp to take the approved FSA Credit Classes or take part in FSA Accredited Activities.

6) Petitioner's indefinate and unconstitutional placement in SHU denies him the right to participate and earn the FSA Credits necessary to reduce his

-5-

time in prison.

2) The Denial of Due Process, that the Petitioner is experiencing as set forth, hereinabove, is historic and systematic in that there is a pattern on the part of Fort Dix Staff to deny prisoners the due process mandated by BOP Official Policy. 28, CFR Part 542. e.g. KING, Germaine, Reg. No. 71462-050, Incident Report No. 3761504, to wit:

"King was the Town Driver for the Fort Dix Camp. On February 1, 2023, he transported several prisoners to the Philadelphia International Airport. These prisoners were released from custody and enroute to their respective home destinations. As a token of their appreciation, they purchased King a slice of pizza. King had-topped at a Seven-Eleven Store in Philadelphia close to the Philadelphia Detention Center ("FDC") to use the toilet then he purchased the pizza and continued on his journey back to Fort Dix. Upon arrival at Fort Dix, he was arrested and put in the SHU. After approximately "80 DAYS" in the SHU,

he was given an Incident Report as noted, hereinabove. Although, he was told that the investigation into his conduct was completed on March 31, 2023, it was not until April 20, 2023, that he was given an incident report. This was well beyond the "24 Hours" required by 541.5(b) of the Disciplinary Rules. Failure to give him an Incident Report within "24 Hours" of the completion of the investigation required that the Incident Report be thrown out and he be released from the SHU. Not only was he not released, staff continued to violate his due process. For instance, his disciplinary time has expired but personal feelings on the part of staff keeps him locked in the SHU. It has now been approximately five (5) months King has been in the SHU. He is being unjustly punished.

It is more likely than not that Petitioner will meet the same fate as King if this

Honorable Court does not act.

(8) Ordinarily, a prisoner is required to exhaust administrative remedies before seeking judicial relief but in this case where the Petitioner is being denied his constitutional due process rights as set forth in Wolff v. McDonnell, ___ U.S. ___ (19__), it is respectfully submitted that this Honorable Court should excuse failure to exhaust administrative remedies as a viable affirmative defense.

WHEREFORE, should the Court find that the Petitioner has been denied his fundamental due rights, it is respectfully requested that Court GRANT him the following relief:

1. Order that Fort Dix staff cease forthwith from denying Petitioner and others similarly situated the Discipline Process as outlined in BOP Rule 541.5(b);

2. That any Incident Report that was not given to Petitioner within "24 Hours" when due him be dismissed and expunged;

3. That any FSA Jail Credit Days

- 8 -

denied Petitioner due to Staff having kept him in the SHU without giving him the due process he was entitled to receive be fully restored to him; and

4. That Staff take no retaliatory action against Petitioner to punish him in any way because he filed the Petition for Habeas Relief.

Signed this 26th day of June, 2023.

AMIN A. RASHID

## CERTIFICATION

I hereby certify under penalty of perjury pursuant to 28. U.S.C. §1746, that the foregoing statements are all true and correct to the best of my knowledge and belief.

Signed this 26th day of June, 2023.

AMIN A. RASHID, 30591-066
FORT DIX FEDERAL CAMP
P.O. BOX 2000
Joint Base MDL, N.J. 08640